IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANA LYNN ZAHEDI and REZA ZAHEDI,

Plaintiffs,

v.

MCCALLA RAYMER, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:15-CV-00525-WSD-GGB

**NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant McCalla Raymer, LLC's ("Defendant's") Motion to Dismiss Plaintiffs' Complaint for Violation of the Fair Debt Collection Practices Act; for Damages and for Declaratory and Injunctive Relief ("Motion to Dismiss"). [Doc. 4]. In their Complaint [Doc. 1], Dana Lynn Zahedi and Reza Zahedi ("Plaintiffs") allege that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, in attempting to collect a consumer debt secured by a mortgage. Plaintiffs seek declaratory and injunctive relief and statutory, compensatory, exemplary, and punitive damages. Defendant moves the Court to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, I **RECOMMEND** that Defendant's Motion be **GRANTED in part** and **DENIED in part**.

## I. LEGAL STANDARD

Under FRCP 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950-51 (2009). In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.



AO 72A
(Rev.8/82)

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiffs. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

Complaints filed pro se are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a pro se complaint should be

construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

## II. BACKGROUND

Plaintiffs received an "initial communication letter," dated January 16, 2015 (the "Letter"), from Defendant on January 18, 2015 stating that "[t]he above-referenced loan has been referred to us for handling." [Doc. 1 ¶ 8]. The Letter was addressed to Reza Zahedi at 3950 Spalding Dr[.], Atlanta, GA 30350 (the "Property") and referenced a file and loan number. [Doc. 2, Exhibit A, "Letter"]. At the top of the body of the Letter, in all capital letters and bolded font, the Letter stated, "EXCEPT AS MAY BE NOTED HEREIN, THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." [Id.]. The Letter stated that "[a]s of the date of this letter, the amount of debt is $657,884.13." [Id.].

The Letter also contained the following text:

> The debt is owed to RESIDENTIAL CREDIT SOLUTIONS, INC., who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed.
>
> Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid. If you notify us in writing at the above address within the thirty-day period that the debt, or any portion thereof



AO 72A
(Rev.8/82)

> is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> * * * * * * *
>
> This law firm is seeking solely to foreclose the creditor’s lien on real estate and will not be seeking a personal money judgment against you on its own behalf, which will not affect th e creditor's right to do so as allowed by law.

[Doc. 2, Exhibit A, “Letter”].

On February 20, 2015, Plaintiffs filed their Complaint. [Doc. 1]. They allege that they are consumers and that Defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act (“FDCPA”). [Id. ¶¶ 3-5]. Plaintiffs allege that the Letter identified Residential Credit Solutions, Inc. (“RCS”) as the creditor to whom the debt was owed. [Id. ¶ 9]. Plaintiffs contend that RCS, a mortgage servicer, was assigned Plaintiffs’ mortgage loan debt while it was in default for the purpose of collecting the debt for another [id. ¶¶ 10-11, 14], which meant that RCS was not a “creditor” as defined in the FDCPA. [Id. ¶¶ 14-15]. Plaintiffs claim that Defendant thus violated the FDCPA by making a false representation - namely, that RCS was their creditor - in the process of collecting a debt. They request statutory



AO 72A
(Rev.8/82)

damages and declaratory and injunctive relief against debt collection and foreclosure proceedings. [Id. ¶¶ 16-21].

In addition, Plaintiffs request a temporary restraining order ("TRO") enjoining Defendant "from sending, publishing or otherwise disseminating the false, deceptive and misleading dunning and collection notices and notice of sale under power, and ordering and directing Defendant[] to cancel the foreclosure sale" then scheduled. [Id. ¶¶ 22]. The District Court denied Plaintiffs' motion for a TRO because the FDCPA does not authorize equitable relief in a lawsuit alleging violations of Section 1692e or its other civil liability provisions, and so Plaintiffs could not as a matter of law show a substantial likelihood of success on the merits with regard to its claim for injunctive relief. [Doc. 3, Order, at pp. 3-4].[1]

Additional facts are discussed below in the context of addressing the parties' arguments.

## III. DISCUSSION

---

[1] I note that Plaintiffs have filed a second lawsuit in this Court that sought emergency injunctive relief preventing a foreclosure sale of the Property scheduled for the day following their filing. Zahedi et al. v. Bank of America, N.A. et al., No. 1:15-cv-02739-ELR-GGB (filed August 3, 2015). The Court denied the motion to enjoin the foreclosure sale. [Id., Doc. 3, Order].



AO 72A
(Rev.8/82)

The FDCPA was intended by Congress to eliminate abusive debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692 et seq. To prevail on an FDCPA claim, a plaintiff must show that she "(1) [has] been the object of collection activity arising from a consumer debt;[2] (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (alterations in original) (quotation omitted). "The FDCPA, among other things, mandates that, as part of noticing a debt, a 'debt collector' must 'send the consumer a written notice containing' – along with other information – 'the name of the creditor to whom the debt is owed[.]'" Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) (quoting 15 U.S.C. § 1692g(a)(2)). "In addition, the [FDCPA] prohibits a 'debt collector' from using 'any false, deceptive,

[2] Defendant does not contest that it was engaged in "collection activity arising from a consumer debt," as Plaintiffs allege. [Doc. 1 ¶¶ 3-4, 7, 17-18]. Cf. Birster v. Am. Home Mortg. Servicing, Inc., 481 F. App'x 579, 583 (11th Cir. 2012) (explaining "that an entity can both enforce a security interest and collect a debt") (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012)).



AO 72A
(Rev.8/82)

or misleading representation or means in connection with the collection of any debt.'" Id. (quoting 15 U.S.C. § 1692e).

**A. The Court will consider Plaintiffs' Response even though it was untimely.**

Plaintiffs did not file their response to the Motion to Dismiss until April 8, 2015, twenty-one (21) days after the Motion to Dismiss was filed. Plaintiffs have offered no explanation for their failure to timely respond, nor did they seek permission to file an out-of-time response. Nevertheless, because neither the efficiency of judicial administration nor Defendant's opportunity to submit a Reply have been materially prejudiced by the delay, and because the Court prefers to consider and rule on a fully briefed motion to dismiss, I will exercise my discretion to consider Plaintiffs' untimely-filed Response brief in conjunction with Defendant's Motion to Dismiss.

**B. Plaintiffs have pled facts sufficient to demonstrate that McCalla Raymer was acting as a debt collector.**

Defendant argues that the Complaint should be dismissed because Plaintiffs have not pled facts sufficient to demonstrate that McCalla Raymer was acting as a debt collector when it sent its Letter to Plaintiffs. [Doc. 4-1, p. 8].



AO 72A
(Rev.8/82)

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt" for purposes of the FDCPA includes a promissory note secured by a mortgage. Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216-17 (11th Cir. 2012) (citing 15 U.S.C. § 1692a(5)). A plaintiff must allege more than a single instance of debt collection activity to show that the person is a "debt collector." Barber v. Rubin Lublin, LLC, No. 1:13-cv-00975-TWT, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013) (adopting report and recommendation). "The relevant test is whether an entity is a debt collector under the statutory definition of the FDCPA, not whether the entity has ever stated in a document that it is a debt collector." Faulconer v. Mortg. Elec. Registration Sys., Inc., No. 5:12-CV-246 MTT, 2014 WL 583006, at *8 (M.D. Ga. Feb. 13, 2014) (quotation omitted).

It is true that Plaintiffs do not recite the precise words used in the statute in their allegations. Defendant cites to White v. Bank of America, N.A., 597 F. App'x 1015, 1020 (11th Cir. Dec. 29, 2014) for the proposition that a complaint must



AO 72A
(Rev.8/82)

contain more than the conclusory assertion that the defendant is a debt collector or that the defendant regularly collects debts. The White plaintiffs, however, alleged only that McCalla Raymer "regularly attempt[ed] to collect debts." White, 597 F. App'x at 1020. In contrast, here, the Plaintiffs alleged that McCalla Raymer is a "debt collector" within the meaning of the FDCPA, [Doc. 1 ¶ 5], and is "engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities." [Id. ¶ 4] (emphasis added). Plaintiffs also allege that Defendant used "the mails" to send the Letter. [Id. ¶ 8].

Thus, the allegations here are more similar to the allegations of the successful Plaintiffs in Reese v. Ellis, Painter, Ratterree & Adams LLP, 678 F.3d 1211, 1215 (11th Cir.2012) than to the Plaintiffs in White. In Reese, the court found that where the complaint alleged that the law firm was "engaged in the business of collecting debts owed to others incurred for personal, family[,] or household purposes[ ]" and where it further alleged that in the year before the complaint was filed, the firm had sent more than 500 people "dunning notice[s]" containing "the same or substantially similar language" to that found in the letter and documents attached to the complaint, the complaint contained enough factual content to allow a reasonable inference that the law firm was a "debt collector." Id.

Moreover, other courts in this jurisdiction have concluded that law firms in Defendant's posture (including Defendant itself) are "debt collectors" under the FDCPA. Bradshaw v. Bank of Am., N.A., No. 1:12-CV-3784-RWS, 2013 WL 6669233, at *4-5 (N.D. Ga. Sept. 16, 2013) (adopting report and recommendation) (finding without discussion that McCalla Raymer, LLC is a "debt collector"); Haynes v. McCalla Raymer, LLC, No. 1:11-CV-3149-TWT, 2013 WL 2452241, at *3-4 & n.1 (N.D. Ga. June 5, 2013) (adopting report and recommendation) (finding it "plausible that McCalla Raymer is a debt collector" and taking judicial notice of representations about defendant's business made on its website); Hye Park v. Shapiro & Swertfeger, LLP, No. 1:12-CV-1132-TWT-JSA, 2013 WL 603880, at *4 (N.D. Ga. Jan. 9, 2013) (finding that language in debt collection letter supported conclusion that defendant law firm was a "debt collector"), approved and adopted, 2013 WL 603882 (N.D. Ga. Feb. 19, 2013).

In sum, Plaintiffs have alleged sufficient facts to plausibly support their claim that Defendant is a "debt collector" under the FDCPA.

**C. The Complaint should not be dismissed on the ground that Plaintiffs have not satisfactorily identified "a false, deceptive or misleading representation" that Defendant made in violation of the FDCPA.**



AO 72A
(Rev.8/82)

Defendant also argues that the Complaint should be dismissed on the ground that Plaintiffs have not satisfactorily identified "a false, deceptive or misleading representation" that Defendant made in violation of 15 U.S.C. § 1692e, the section of the FDCPA on which Plaintiffs base their claim. [Doc. 4-1, p. 8]. Plaintiffs argue that Defendant violated this section by falsely identifying RCS as the creditor to whom the debt was owed. [Doc. 1 ¶¶ 12-15].

The FDCPA requires a debt collector, as part of noticing a debt, to "send the consumer a written notice containing" - along with other information - "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2); Bourff, 674 F.3d at 1241. The Letter sent by Defendant did not expressly identify RCS as the creditor. However, the Letter identified no other creditor, and the Letter referred to RCS as the company to whom the debt was owed. Plaintiffs allege, moreover, and a trier of fact could conclude, that RCS was not in fact Plaintiffs' creditor under the FDCPA's definition of "creditor" [3].

[3] Under 15 U.S.C. § 1692a(4), "the term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Plaintiffs allege that RCS received an assignment of the debt while it was in default for the purpose of facilitating the the collection of the debt for another. [Doc. 1 ¶ 14].



AO 72A
(Rev.8/82)

Because the FDCPA is remedial in nature, courts in this circuit evaluate claims that actions by debt collectors violated the FDCPA from the perspective of the "least sophisticated consumer." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); see also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010). A communication is "deceptive" under the FDCPA if it is open to more than one reasonable interpretation, at least one of which is inaccurate. LeBlanc, 601 F.3d at 1195 n.18 (citing Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). For purposes of a Section 1692e claim, "[t]he question is not whether [plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived." Jeter, 760 F.2d at 1177 n.11. "The FDCPA is a strict liability statute," and "a single violation of § 1692e is sufficient to establish civil liability." In re Cambron, 379 B.R. 371, 374 (Bankr. M.D. Ala. 2007) (citations omitted)).

Given the requirement to name the "creditor to whom the debt is owed" imposed by Section 1692g(a)(2), the wording of the Letter could have led the least sophisticated consumer to think that RCS was its creditor. The implication in the letter that RCS was Plaintiffs' creditor would be enough to be a false, deceptive or misleading representation in violation of the FDCPA. See Hye Park, 2013 WL



AO 72A
(Rev.8/82)

603880 at *4 (finding plausible allegations that defendant law firm identified mortgage servicer as creditor in letters to consumer even where the term "creditor" was not expressly used; such an identification was a false and misleading representation); cf. Shoup v. McCurdy & Candler, LLC, 465 F. App'x 882, 884 (11th Cir. Mar.30, 2012) (citing Bourff for the proposition that "[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA").

Thus, the Complaint should not be dismissed on the ground that Plaintiffs have not satisfactorily identified "a false, deceptive or misleading representation" that Defendant made in violation of the FDCPA.

**D. Defendant's Motion to Dismiss should be granted against Plaintiffs' additional claims for relief.**

1. Defendant's Motion to Dismiss Count II, Plaintiffs' request for declaratory and injunctive relief, should be granted.

Plaintiffs request a declaratory judgment that Defendant's actions violated their rights under federal and state law. [Doc. 1 ¶¶ 19-21]. Defendant opposes this request because it argues that Plaintiffs do "not seek a declaration as to the 'rights and legal relations' between" the parties, but "merely request[s] … a declaration



AO 72A
(Rev.8/82)

stating that" Defendant "is liable to Plaintiffs on Plaintiffs' substantive cause of action." [Doc. 4-1 at p. 10].

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The U.S. Supreme Court has stated, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995). A district court can grant declaratory relief only if there is "a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." Sullivan v. Div. of Elections, 718 F.2d 363, 365 (11th Cir. 1983) (citation omitted).

The Letter was dated January 16, 2015, and received on January 18, 2015. [Doc. 1 ¶ 8]. The alleged "false, deceptive, or misleading representation" thus has already occurred. Where the damages arising from the alleged unlawful conduct have already accrued, an action for declaratory judgment is untimely, and a declaratory judgment is not available. Atlanta Nat'l League Baseball Club, Inc. v. F.F., 328 Ga. App. 217, 220, 761 S.E.2d 613, 616 (2014) ("[a] declaratory judgment



AO 72A
(Rev.8/82)

action will not lie where the rights between the parties have already accrued, because there is no uncertainty as to the rights of the parties [or] risk as to taking future action") (substitutions in original) (citation omitted); see also The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 614 (E.D. Va. 2008) (citing Trull v. Smolka, 2008 WL 4279599, at *8 (E.D. Va. 2008) ("[A] declaratory judgment is unavailable in situations where ... claims and rights asserted have fully matured, and the alleged wrongs have already been suffered.") (substitution in original)). For these reasons, I **RECOMMEND** that Plaintiffs' request for declaratory judgment be **DISMISSED**.

Plaintiffs also request a preliminary injunction preventing Defendant from collecting their debt or proceeding with foreclosure based on documents containing the alleged misrepresention. [Doc. 1 ¶¶ 22-27]. As the District Court has explained in denying Plaintiffs' motion for a TRO, equitable relief is unavailable to Plaintiffs because the FDCPA provides statutory damage remedies. [Doc. 3 at pp. 3-4]. As Plaintiffs' only substantive claim arises under the FDCPA, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiffs' pursuit of injunctive relief.

2. Plaintiffs cannot pursue attorneys' fees or punitive damages.



AO 72A
(Rev.8/82)

As part of their Prayer for Relief, Plaintiffs request attorneys' fees and punitive damages. [Doc. 1 at p. 11]. Defendant opposes both requests because Plaintiffs fail to plead a viable substantive claim for relief against Defendant. [Doc. 4-1 at pp. 14-15]. Defendant also contends that Plaintiffs are not entitled to attorneys' fees because they are pro se litigants. [Id. at pp. 13-14].

Defendant's second argument prevails. Plaintiffs are pro se litigants and not attorneys, and they are not entitled to recover attorneys' fees. See JarAllah v. Am. Culinary Fed'n, Inc., 242 Ga. App. 595, 596, 529 S.E.2d 919, 921 (2000) ("pro se litigants who are not attorneys cannot recover attorney fees because of the lack of any meaningful standard for calculating the amount of the award"). I thus **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiffs' claim for attorneys' fees at this time.[4]

Plaintiffs also are not entitled to pursue punitive damages beyond those authorized by the FDCPA. Plaintiffs request statutory damages in their Prayer for Relief. [Doc. 1 at p. 11]. These statutory damages, available under 15 U.S.C. §

[4] I note that Plaintiffs are represented by counsel in their other case concerning the Property, Zahedi et al. v. Bank of America, N.A. et al., No. 1:15-cv-02739-ELR-GGB (filed August 3, 2015). Plaintiffs may be able to add a claim for attorneys' fees later if they retain an attorney for this matter, but they would still be unable to recover attorney's fees for the time spent representing themselves.



AO 72A
(Rev.8/82)

1692k upon a favorable judgment and at the Court's discretion in light of Defendant's conduct, operate as a limitation on any additional damages available to a plaintiff successfully proving a violation under the FDCPA including punitive damages. See Thomas v. Pierce, Hamilton, & Stern, Inc., 967 F. Supp. 507, 510 (N.D. Ga. 1997) ("It is hard to imagine that Congress intended consumers to have an extra remedy of 'punitive damages' in addition to a limited statutory damage award predicated upon the behavior of the debt collector."). As Plaintiffs' only claim arises under the FDCPA, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiffs' claim for punitive damages to the extent they exceed statutory damages available through 15 U.S.C. § 1692k.

## IV. CONCLUSION

Plaintiffs have stated a plausible claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Accordingly, I **RECOMMEND** that Defendant McCalla Raymer, LLC's Motion to Dismiss Plaintiffs' Complaint for Violation of the Fair Debt Collection Practices Act; For Damages and for Declaratory and Injunctive Relief [Doc. 4] be **GRANTED in part and DENIED in part.** Specifically, I **RECOMMEND** that the Motion be **DENIED** as to Plaintiffs' Section 1692e claim. I further **RECOMMEND** that the Motion be **GRANTED** as



AO 72A
(Rev.8/82)

to Plaintiffs' claims for a declaratory judgment, for injunctive relief, for attorneys' fees, and for punitive damages.

**IT IS SO REPORTED AND RECOMMENDED**, this 15th day of October, 2015.

Gerrilyn G. Brill
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)