IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANA LYNN ZAHEDI and REZA
ZAHEDI,

          Plaintiffs,

v.

MCCALLA RAYMER, LLC,

          Defendant.

1:15-cv-525-WSD

**OPINION AND ORDER**

This matter is before the Court on McCalla Raymer, LLC's ("Defendant" or "McCalla Raymer") Partial Objection [13] to Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [11] ("R&R"), which considers Defendant's Motion to Dismiss [4] ("Motion") Dana Lynn Zahedi's and Reza Zahedi's (together, "Plaintiffs") Complaint [1]. Defendant objects to the Magistrate Judge's recommendation that Defendant's Motion be denied with respect to Plaintiffs' claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The parties have not objected to the Magistrate Judge's recommendation that Defendant's Motion be granted with respect to Plaintiffs' claims for declaratory judgment, injunctive relief, attorneys' fees and punitive damages.

## I.     BACKGROUND[1]

On January 16, 2015, Defendant sent Plaintiffs "an initial communication letter" ("January 16th Letter"), which states that Plaintiffs' "loan has been referred to [Defendant] for handling," and "as of the date of this letter, the amount of debt is $657,884.13."  (Compl. ¶ 8 & Ex. A [2]).  The January 16th Letter also states:

> The debt is owed to RESIDENTIAL CREDIT SOLUTIONS, INC., who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed.
>
> Be advised that unless you dispute the validity of the debt or any portion thereof within thirty days after receipt of this notice, we will assume that the debt is valid.  If you notify us in writing at the above address within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you.  Also, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

(January 16th Letter [2]).  Plaintiffs claim that they "failed to tender the payment and [were] in default pursuant to the terms of the note."  (Compl. ¶ 11).

---

[1]     Plaintiffs have a lengthy history of litigation, in this Court and the Bankruptcy Court, challenging their mortgage and seeking to avoid foreclosure on their home.  See Zahedi v. Bank of Am., N.A., et al., No. 1:14-cv-272 (N.D. Ga.) (filed Jan. 31, 2014; TRO denied Feb. 3, 2014; dismissed for failure to state a claim Aug. 1, 2014; appeal dismissed Apr. 16, 2015); No. 1:15-cv-2739 (filed Aug. 3, 2015; TRO denied Aug. 3, 2015; voluntarily dismissed Oct. 20, 2015); In re Zahedi, No. 14-52409 (Bankr. N.D. Ga.) (dismissed Apr. 29, 2014; imposing 180-day bar on Chapter 13 bankruptcy filing); No. 08-72343 (filed June 30, 2008; dismissed Sept. 30, 2008); No. 08-86540 (filed Dec. 29, 2008; dismissed Jan. 26, 2009); No. 13-54409 (filed Mar. 1, 2013, dismissed June 10, 2013).

On February 20, 2015, Plaintiffs, proceeding *pro se*, filed their Complaint, asserting claims for violation of the FDCPA (Count I), and declaratory judgment and injunctive relief (Count II).  Plaintiffs claim that McCalla Raymer violated the FDCPA "by sending to Plaintiffs a FDCPA dunning notice, collection letter and Notice of Sale Under Power which contained a false, deceptive or misleading representation . . . when it stated that Residential Credit Solutions, Inc. is your creditor to whom the debt is owed."  (Id. ¶ 1).  Plaintiffs allege that "Residential Credit Solutions, Inc. received an assignment of the debt while the Plaintiffs [sic] loan was in default, for the purpose of facilitating collection of such debt for another and does not meet the definition of creditor under the FDCPA."  (Id. ¶ 14).  Plaintiffs seek an award of statutory damages under the FDCPA and a declaration that "Defendant's actions . . . in sending, publishing and otherwise disseminating false, deceptive and misleading information to Plaintiffs and others, violated the FDCPA and Georgia State statutes as well."  (Id. ¶ 21).

Plaintiffs' Complaint also included a Motion for Temporary Restraining Order ("TRO"), "to enjoin and restrain Defendants [sic] from sending, publishing or otherwise disseminating the false, deceptive and misleading dunning and collection notices and notice of sale under power, and ordering and directing Defendants [sic] to cancel the foreclosure sale scheduled by virtue of the false,

deceptive and misleading notices, presently scheduled for March 3, 2015." (Id. ¶ 22). On February 27, 2015, the Court denied Plaintiffs' Motion for TRO, including because equitable relief is not available to an individual under the FDCPA, and Plaintiffs' reference to Georgia law is not sufficient to support their request for TRO. (Feb. 27, 2015, Order [3] at 3-4).

On March 18, 2015, McCalla Raymer moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

On October 15, 2015, the Magistrate Judge issued her R&R, recommending that Defendant's Motion be denied with respect to Plaintiffs' FDCPA claim. The Magistrate Judge found that Plaintiffs alleged sufficient facts to support that McCalla Raymer was acting as a "debt collector" under the FDCPA, and that the January 16th Letter contained "a false, deceptive or misleading representation," namely, that Residential Credit Servicing, Inc., was Plaintiffs' creditor.

The Magistrate Judge recommended that Defendants' Motion be granted with respect to Plaintiffs' remaining claims for declaratory and injunctive relief, attorneys' fees and punitive damages. The Magistrate Judge concluded that a declaratory judgment is not available because the alleged "false, deceptive, or misleading representation" in the January 16th Letter has already occurred, and thus the damages arising from the alleged wrongful conduct already accrued. The

Magistrate Judge also concluded that Plaintiffs are not entitled to injunctive relief because their only substantive claim arises under the FDCPA, which does not provide for equitable relief.  The Magistrate Judge concluded further that Plaintiffs cannot recover attorneys' fees because they are proceeding *pro se*, and the FDCPA does not provide for an award of punitive damages to the extent they exceed the statutory damages available.  The Magistrate Judge concluded that Plaintiffs cannot recover attorneys' fees or punitive damages.

On November 2, 2015, Defendant filed its Partial Objection to the R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been

made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

2. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts

or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[2]

Complaints filed by *pro se* litigants are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks

---

[2] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

Defendant objects to the Magistrate Judge's conclusion that Plaintiffs allege facts sufficient to state a claim for violation of the FDCPA, and the Court reviews this conclusion *de novo*. The Court conducts a plain error review of the unobjected-to portions of the R&R.

1. Violation of the FDCPA

To state a claim for relief under the FDCPA, a plaintiff must allege facts sufficient to support that: (1) the defendant is a "debt collector;" (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Gardner v. TBO Capital LLC, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012));

Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).  Here, Plaintiffs claim that McCalla Raymer violated Section 1692e, which prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

Defendant objects to the Magistrate Judge's conclusion that Plaintiffs alleged sufficient facts to support that Defendant is a "debt collector" under the FDCPA.  "There is no dispute that § 1692e applies only to debt collectors." Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015). Under the FDCPA, a "debt collector" is one who engages "in any business the *principal purpose* of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added); see also White, 597 F. App'x at 1020; Reese, 678 F.3d at 1218.

In their Complaint, Plaintiffs assert only that "Defendant is engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage services and other entities such as Trustees for mortgage backed securities."  (Compl. ¶ 4).  Plaintiffs' statement lacks factual content and, in essence, amounts to a legal conclusion that the Court will not consider.  See Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 545 ("the formulaic recitation of a cause of

action's elements will not do"); White, 597 F. App'x at 1018 ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Plaintiffs fail even to allege that the "principal purpose" of Defendant's business is debt collection, or that Defendant "regularly collects" debts owed or due another party. See 15 U.S.C. § 1692a(6). "[I]t would be unreasonable for the Court to infer that [Defendant] operates a business whose principal purpose is collecting debts on the basis of the one collection effort alleged here." Barber v. Rubin Lublin, LLC, No. 1:13-cv-975, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013) (quoting Beckles v. Aldridge Connors, LLP, No. 1:12-cv-3377, 2013 WL 5355481, at *5 (N.D. Ga. Feb. 27, 2013)). "At best, [Plaintiffs] provided evidence only that [Defendant] is trying to collect a debt in this one particular case before the Court." See Faulconer v. Mortg. Elec. Reg. Sys., Inc., No. 5:12-cv-246, 2014 WL 583006, at *8 (M.D. Ga. Feb. 13, 2014); see also Chiche v. State Bank & Trust, No. 1:13-cv-2488, Doc. 15 at 43-44 (N.D. Ga. Jan. 1, 2014) (Baverman, M.J.) ("Thus, by failing to allege any facts showing that the 'principal purpose' of either defendant's business is debt collection, or that either defendant 'regularly' attempts to collect debts, Plaintiff's complaint does not establish that either defendant is a debt collector.") adopted at

Doc. 19 (N.D. Ga. Feb. 5, 2014); compare Reese, 678 F.3d at 1218 (allegation that, in the past year, law firm "had sent to more than 500 people 'dunning notices' containing 'the same or substantially similar language' to that found in the letter and documents attached to the complaint" was sufficient to show regular debt collection activity); Scott v. Jones, 964 F.2d 314, 316 (4th Cir. 1992) ("principal purpose" of firm's business was debt collection where 90% of its fees came from collection activity).  Plaintiffs fail to allege facts sufficient to support that Defendant is a "debt collector" under the FDCPA.³  See Reese, 678 F.3d at 1218;

---

³     That Defendant conducts non-judicial foreclosure sales, without more, is not sufficient to support that it is a "debt collector" under the FDCPA. See, e.g, Hasburn v. Recontrust Co., N.A., 508 F. App'x 941, 942 (11th Cir. 2013).  That other courts have concluded, on the facts alleged in those cases, that Defendant is a debt collector is not material to whether Plaintiffs in this action allege facts sufficient to support that Defendant engages "in any business the *principal purpose* of [Defendant's business] is the collection of any debts, or [Defendant] *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  See 15 U.S.C. § 1692a(6) (emphasis added); see also Jaharis, 297 F.3d at 1188 (on motion to dismiss, documents outside the complaint may be considered only to show their contents, not for the truth of the matters asserted); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) ("A court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation."); Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004) aff'd, 450 F.3d 428 (9th Cir. 2006) ("The existence and authenticity of a document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, public proceeding, or census report, which are matters of public record, but the veracity and validity of their contents (the underlying arguments made by the

11

White, 597 F. App'x at 1020.  Defendant's objection is sustained, and Plaintiffs' FDCPA claim is dismissed.

Even if they alleged facts sufficient to support that Defendant is a debt collector—which they did not—Plaintiffs fail to show that Defendant violated the FDCPA.  Plaintiffs allege that Defendant violated Section 1692e, which prohibits making a false, deceptive, or misleading representation, because "Defendant's statement [in the January 16th Letter] falsely stated that Residential Credit Solutions, Inc. was the creditor to whom the debt was owed."  (Compl. ¶ 12).  Plaintiffs assert that "Residential Credit Solutions, Inc. received an assignment of the debt while the Plaintiffs [sic] loan was in default, for the purpose of facilitating collection of such debt for another and does not meet the definition of creditor under the FDCPA."  (Id. ¶ 14).[4]

---

parties, disputed facts, and conclusions of fact) are not.") (citing Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001)).

[4]     The Court notes that Plaintiffs assert that "Residential Credit Solutions, Inc. is in the business of calculating monthly principal and interest payments and sending monthly bill [sic] to a mortgagor or grantor and then distributing the payments to the investor on each loan, acting as an escrow agent for property taxes and home insurance and foreclosing in the event of a default in the terms of the mortgage or security deed."  (Compl. ¶ 10).  This undercuts Plaintiffs' claim that Residential Credit Solutions, Inc., is not their creditor, including because it received an assignment of their loan for the purpose of facilitating collection for another.  See 15 U.S.C. § 1692a(4) ("'creditor' . . . does not include any person to the extent that he receives an assignment or transfer of a debt in default *solely* for the purpose of facilitating collection of such debt for another") (emphasis added).

The January 16th Letter, however, does not state that Residential Credit Solutions, Inc., is Plaintiffs' "creditor." Rather, the January 16th Letter states that "[t]he debt is owed to RESIDENTIAL CREDIT SOLUTIONS, INC., who is authorized to receive payment on your loan, but who may not be the recorded holder of the Security Deed." (Jan. 16th Letter [2]). This is consistent with Plaintiffs' acknowledgement that "Residential Credit Solutions, Inc. received an assignment of the debt," and Plaintiffs do not dispute that Residential Credit Solutions, Inc. "is authorized to receive payment on [their] loan." (See Compl. ¶ 14 & Ex. A). Plaintiffs fail to show that Defendant made a false representation in the January 16th Letter, and their FDCPA claim is dismissed for this additional reason.[5]

---

5   To the extent the Magistrate Judge construed Plaintiffs' claim as asserting a violation under Section 1692g, the Court notes that the January 16th Letter was not *required* to identify Plaintiffs' creditor because, Plaintiffs allege, it was merely the "initial communication." (See Compl. ¶ 8). Section 1692g(a) provides:
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> . . .
>     (2)  the name of the creditor to whom the debt is owed . . . .

15 U.S.C. § 1692g. Thus, "[i]f the initial collection letter did not provide this information, [the debt collector] would have until five days after the initial communication to comply with the requirements of Section 1692(g)." Maloy v. Phillips, 64 F.3d 607, 608-609 (11th Cir. 1995). Even if Plaintiffs

Although doubtful, the Court cannot conclude based on the mere Complaint allegations that Plaintiffs' FDCPA claim against McCalla Raymer ultimately fails as a matter of law.  As a result, Plaintiffs' FDCPA claim is dismissed without prejudice.  See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff "must be given at least one change to amend the complaint before the district court dismisses the action with prejudice."), overruled in part by Wagner v. Daewoo Heavy Indus. Am.Corp., 314 F.3d 541, 542 (11th Cir. 2002) (holding that this rule does not apply to plaintiffs represented by counsel).

2. Unobjected-to Recommendations

The parties did not object to the Magistrate Judge's recommendation that Plaintiffs' claims for declaratory judgment, injunctive relief, attorneys' fees and punitive damages, be dismissed.  The Magistrate Judge concluded that a declaratory judgment is not available because the alleged "false, deceptive, or misleading representation" in the January 16th Letter has already occurred, and

---

intended to assert their claim under Section 1692g—which they do not mention in their Complaint—after the January 16th Letter, Defendant had an additional five (5) days within which to send to Plaintiffs a written letter containing the information required by Section 1692g(a)(2), and Plaintiffs do not allege that Defendant failed to do so.  Plaintiffs have not alleged facts sufficient to support a claim for violation of Section 1692g, and their FDCPA claim is dismissed for this additional reason.

thus the damages arising from the alleged wrongful conduct already accrued.  The Magistrate Judge recommended that Plaintiffs' declaratory judgment claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this conclusion and recommendation.  See Porter v. Houghton, 542 S.E.2d 491, 492 (Ga. 2001) (To state a claim for declaratory judgment under Georgia law, "a party must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests."); Milani v. One West Bank FSB, 491 F. App'x 977, 979 (11th Cir. 2012) (citing Logan Paving Co. v. Peoples Bank & Trust, 395 S.E.2d 287, 288 (Ga. Ct. App. 1990)) (Declaratory judgment is unavailable where "all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party.").  Plaintiffs' claim for declaratory judgment is required to be dismissed.

  The Magistrate Judge next concluded that Plaintiffs are not entitled to injunctive relief because their only substantive claim arises under the FDCPA, which does not provide for equitable relief.  The Magistrate Judge recommended that Plaintiffs' claim for injunctive relief claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this conclusion and recommendation.  See Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830,

834 (11th Cir. 1982) ("Equitable relief is not available to an individual under the civil liability section of the [Fair Debt Collection Practices] Act."). Plaintiffs' claim for injunctive relief is required to be dismissed.

The Magistrate Judge also concluded that Plaintiffs are not entitled to recover attorneys' fees because they are proceeding *pro se*, and the FDCPA does not provide for an award of punitive damages to the extent they exceed the statutory damages available. The Magistrate Judge recommended that Plaintiffs' claims for attorneys' fees and punitive damages be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this conclusion and recommendation. See Demido v. Wilson, 582 S.E.2d 151, 155 (Ga. Ct. App. 2003) ("As a *pro se* litigant who is not an attorney, [the plaintiff] was not entitled to recover attorney fees."); Thomas v. Pierce, Hamilton, & Stern, Inc., 967 F. Supp. 507, 510 (N.D. Ga. 1997) ("It is hard to imagine that Congress intended consumers to have an extra remedy of 'punitive damages' in addition to a limited statutory damage award predicated upon the behavior of the debt collector."). Plaintiffs have not, and cannot, state a claim for declaratory judgment, injunctive relief, attorneys' fees or punitive damages, and these claims are dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [11] is **ADOPTED IN PART**. The R&R is adopted with respect to Plaintiffs' claims for declaratory judgment, injunctive relief, attorneys' fees and punitive damages, and these claims are dismissed with prejudice. The R&R is not adopted with respect to Plaintiffs' FDCPA claim.

**IT IS FURTHER ORDERED** that Defendant's Partial Objection [13] to the R&R is **SUSTAINED**. Defendant's Motion to Dismiss [4] is **GRANTED** and Plaintiffs' FDCPA claim is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 15th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE